IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD L. CHRISTY,

                      Plaintiff,

                                                  CIVIL ACTION
   vs.                                          No. 09-3044-SAC

FEDERAL BUREAU OF PRISONS, et al.,

                      Defendants.

**ORDER**

This matter is before the court on a pro se civil complaint filed by a prisoner while incarcerated in the United States Penitentiary in LEavenworth, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without

---

[1] *See* Christy v. Corrections Corporation of America, Case No. 08-3256-SAC ($350.00 district court filing fee).

payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff filed his complaint seeking relief under 42 U.S.C. § 1983, and names the following defendants: Federal Bureau of Prisons (BOP), USPLVN, USPLVN Warden Chester, USPLVN dentists Webber and Gabreil, USPLVN health service administrators Blevins and Swann, USPLVN physician Dr. McCollum, USPLVN nurse Hansen, USPLVN officers Loftness and Campbell, and "Doe" USPLVN medical staff.

To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Because plaintiff names only federal defendants in his complaint, no cause of action under § 1983 is presented against any defendant.

Instead, the court liberally construes the pro se pleading as filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which the Supreme Court recognized a private right of action in favor of victims of

constitutional violations committed by federal agents in the performance of their official duties. Bivens suits are the federal analogue to suits brought against state officials pursuant to 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 255 n. 2 (2006).

Plaintiff complains that upon his arrival at USPLVN he complained of a toothache, but was not provided a dentist during intake. He states he was examined a few days later by Dr. Webber, who said he would fit plaintiff in soon, but never saw plaintiff again. Plaintiff cites medical "cop-out" requests in 2008 on November 8 and 28, and December 4 to see a dentist to alleviate tooth pain. On December 5, 2008, plaintiff saw Dr. Gabreil who pulled plaintiff's tooth. Blisters appearing at about the same time on plaintiff's upper lip were diagnosed by Dr. McCollum on December 12, 2008, as dry skin. Approximately two weeks later, an infection was diagnosed, and antibiotics were started on December 27, 2008. More medication was ordered on January 16, 2009, but was not administered until a week later. By the end of January 2009, blood results indicated a thyroid disorder, for which medication was prescribed.

In this action plaintiff seeks damages for delayed and inadequate treatment for his dental problem, and for mis-diagnosis and delayed treatment of his blisters. Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

The court first finds the BOP should be dismissed because plaintiff's claim for damages against this federal agency is barred by sovereign immunity. Federal Deposit Ins. Corp. v. Meyer, 510

U.S. 471, 483-86 (1994); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002). Also, USPLVN should be dismissed as a defendant because the facility itself is not a legal entity amenable to suit. Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994).

Next, the court finds plaintiff's allegations of delayed medical treatment fail to state a claim of constitutional significance for the purpose of seeking relief under Bivens against any individual USPLVN defendant named in the complaint.

Deliberate indifference to a serious medical need violates the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 9 (1992). However, delay in medical or dental treatment satisfies this constitutional standard only if the delay caused plaintiff substantial physical harm. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). In the present case, plaintiff saw a dentist shortly after he arrived at USPLVN, and within a month of his first cop-out request saw a second dentist who pulled plaintiff's tooth. During that delay, plaintiff acknowledges receipt of pain medication, although he claims it was inadequate. He also complaints only of pain and discomfort in eating. This is insufficient to establish the required showing of substantial physical harm resulting from delayed dental care. Id.

Likewise, to the extent plaintiff complains of delay in the treatment of his infection, no substantial physical harm resulting from that delay is alleged or apparent on the face of the complaint. To the extent plaintiff alleges error in the diagnosis and treatment of his blisters, no actionable constitutional claim is presented. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)("Medical malpractice

does not become a constitutional violation merely because the victim is a prisoner.").

*Notice and Show Cause Order to Plaintiff*

For the reasons stated herein, the court directs plaintiff to show cause why the complaint, whether treated as filed under 42 U.S.C. § 1983 or construed by the court as a <u>Bivens</u> action, should not be summarily dismissed as stating no claim for relief against any defendant named in the complaint.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation has been fully satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

---

[2] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 8th day of April 2009 at Topeka, Kansas.


 s/   Sam A. Crow
SAM A. CROW
U.S. Senior District Judge